## No. 191

No. 18027—Columbus Railway, Power & Light Company v. William H. Harrison. Error to the Court of Appeals of Franklin county.

915. PERSONAL INJURY — Damages against corporation for assault of passenger by its employe, when recoverable.

ALLEN, J.

In an action for personal injury for an assault upon a passenger by the employe of a corporation, punitive damages cannot be recovered against the corporation in the absence of evidence that the assault was authorized, participitated in, or ratified by the corporation, or that the corporation has failed to exercise due and reasonable care in selecting or retaining its employe.

Judgment reversed.

Marshall, C. J., Robinson, Jones, Matthias and Day, JJ., concur. Wanamaker, J., not participating.

---

## No. 192

No. 17809—The New York Central R. R. Co. v. George Francis. Error to the Court of Appeals of Lucas County.

327. COURTS—Jurisdiction of case is in trial court after it is remanded by Court of Appeals.

MATTHIAS, J .

Where, upon the application of the plaintiff in error in the Court of Appeals, that court remands the "cause" to the trial court, not merely for the purpose of correcting the record theretofore made in the trial court, but for the purpose of a further hearing therein, whether upon a supplemental motion for a new trial or otherwise, the jurisdiction of

such cause is then in the trial court, and the jurisdiction of the Court of Appeals can thereafter be invoked only by the method and within the time prescribed by statute.

Judgment reversed.

Marshall, C. J., Robinson, Jones and Day, JJ., concur.

---

## No. 193

No. 17950—N. J. Groby v. the State of Ohio. Error to the Court of Appeals of Shelby county.

155. BLUE SKY LAW—Application of to persons, etc., mentioned—Membership receipts are "securities."

MATTHIAS, J.

1. The regulatory provisions of the blue sky law (Sections 6373-1 to 6373-24, General Code) apply not only to corporations but also to copartnerships and associations, and dealers disposing of or offering to dispose of any securities thereof in this state, except such as are specifically exempted, are required to procure a license so to do from the commissioner of securities.

2. In the absence of a certificate of the commissioner of securities authorizing the same, no person or company, either for the issuer or underwriter of securities, may dispose of or attempt to dispose of any such security within this state either for the purpose of organizing or promoting any company or assisting in the flotation of the securities of any company after organization thereof, except those specifically exempted by law.

3. Solicitation of subscriptions for shares or interests in a "syndicate," or an association, for which a so-called "membership receipt" is issued to the subscriber stating that he is entitled to a "pro rata interest in all earnings and profits of the said syndicate," is a sale of securities of such association and falls within the regulatory provisions of the statute, whether or not such transaction is preliminary to the organization and incorporation of a company and the issuance of the stock thereof.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.